DAVID LOUD, Petitioner, *versus* SAMUEL PENNIMAN.

The act of Congress, of 1815, c. 174, having provided, that where property liable to a direct tax under that act, &c. should not be divisible, so as to enable the collect-or, by a sale of part thereof, to raise the whole amount of the tax, with all costs, &c. the whole of such property should be sold, and the surplus of the proceeds of the sale, after satisfying the tax, &c. should be paid to the owner of the property, it was *held*, that the sale of an *undivided* portion of certain real estate, the whole of which was owned by the party assessed, for the payment of the tax, was invalid. On a petition for partition of three parcels of land, after it had been proved that the petitioner was seised in common of only two of the parcels and that the respondent was sole seised of the third, the Court would not permit the petitioner to amend by striking out the third parcel, but allowed the respondent his costs against the peti-tioner, and ordered partition to be made of the two other parcels.

THE petitioner sets forth, that he holds in common with Penniman and with one Peter Dyer, an undivided part of three parcels of land in Braintree, and prays for partition of the same. Penniman pleads that the petitioner does not hold the lands in common, in the manner and form he has alleged ; on which issue is joined. Trial before *Morton* J.

It appeared that one Ezra Penniman, deceased, was former-ly the owner of the three parcels of land ; that Asa Penniman was one of the heirs of Ezra and entitled to one third of all the estate of which Ezra died seised ; and that the petitioner duly levied an execution on all the right which Asa had in the premises as an heir of Ezra.

The respondent proved that Ezra, in his lifetime, mortgaged one of the parcels, that his right to redeem the same was duly sold to satisfy an execution against him, and that the purchaser of the equity lawfully conveyed all the right he acquired by the purchase to the respondent.

The respondent also produced a deed from the clerk of the District Court of the United States, dated February 24th, 1820, purporting to convey one undivided half of certain real estate of Ezra to Peter Dyer, for the nonpayment of the Unit-ed States direct taxes assessed upon Ezra in 1816, and it was proved that the other two parcels described in the petition were included in that deed. He also produced evidence that Ezra was assessed in 1816, for lands in Braintree, $ 7·91, and for lands in Milton, 30 cents ; and that one undivided half of

Loud
v.
Penniman.

all the real estate for which he was thus assessed was sold in 1817, by public auction, by a deputy collector, for the non-payment of the tax. It was admitted that the lands sold were capable of being divided.

There were many other facts in the case, which became immaterial.

After the evidence was all in, the petitioner moved for leave to amend by striking out one of the parcels described in his petition, but the respondent objected to the amendment.

Judgment was to be rendered on a nonsuit or default, as the Court should decide.

*Nov. 2d.*  *Cushing* and *Kingsbury*, for tne petitioner.

*Leland*, for the respondent.

PUTNAM J. afterward drew up the opinion of the Court. The title of the petitioner is clear, unless disproved by the respondent. For it is agreed that Ezra Penniman was seised of the whole of the land, and died leaving Asa one of three children and heirs ; and it is not denied that the petitioner duly levied an execution upon the undivided part which descended to him from Ezra.

It is for the respondent then, to rebut that title. And in regard to one of the tracts of land described, he does disprove the alleged title of the petitioner. For that piece of land was mortgaged by Ezra Penniman to the State bank, and the right of redemption was, in the lifetime of Ezra, conveyed to the respondent.

Ezra therefore did not die seised of that piece of land ; no part of it descended to Asa ; and so the petitioner cannot maintain his petition in manner and form as he has set forth his claim.

But in regard to the other two pieces of land, we think the respondent fails to make out the title under the deed of sale for payment of taxes due to the United States. Various objections were made, but one of them is, we think, decisive, to show that the proceeding was invalid.

By the statute of the United States, passed January 9th, 1815, an act to provide additional revenues, &c. &c., (*c.* 174, § 27,) it is provided, that " in all cases where the property liable to a direct tax under this act, or the said act of congress

entitled 'an act to lay and collect a direct tax within the United States,' shall not be divisible, so as to enable the collector, by a sale of part thereof, to raise the whole amount of the tax, with all costs, charges and commissions, the whole of such property shall be sold, and the surplus of the proceeds of the sale, after satisfying the tax, costs, charges and commissions, shall be paid to the owner of the property or his legal representatives," &c.

Now the case finds that Ezra Penniman was taxed for lands in Braintree, $7·91, and for lands in Milton, 30 cents ; and that the collector sold one undivided half of all the real estate which was taxed to Ezra in Braintree and Milton, for the non-payment of the taxes assessed in 1816. *And the case finds that the lands sold were capable of being divided.* The case provided for in the section before cited, had not happened. The collector should have sold a part of the land, *by metes and bounds*, sufficient to have paid the taxes, &c. ; as it is admitted that he could have done. Or if that could not have been done, he should have sold *the whole*, and have accounted for the surplus, according to the requisition of the statute. It is clear, that where the estate was capable of division, the officer had no authority to sell an undivided part of it, but only so much as would be sufficient to pay the tax &c., to be set off separately from the rest.

This view of the case renders it unnecessary to take any notice of the various other objections made, to the validity of the sale.

The Court have considered the motion of the petitioner to amend his petition by striking out the piece of land which was mortgaged by Ezra Penniman to the State bank, and are of opinion that the motion ought not to prevail.

The respondent is sole seised of that piece of land ; and inasmuch as the petitioner has failed to prove that he was seised in common of that piece, it is the opinion of the Court that the respondent shall recover his costs against the petitioner ; and the Court are further of opinion, that the petitioner is entitled to have partition of the residue of the premises, according to the prayer of his petition. See Revised Stat. *c*. 103, § 17 ; *Paine* v. *Ward*, 4 Pick. 246 ; *St.* 1786, *c*. 53, § 1.